By the Court.
 

 The appellants, Blackburn, Phillips, and Schanck, insist that numerous errors are disclosed by the record.
 

 The first contention of each appellant is that he cannot be guilty of the offense of robbery because the stolen ballots, lock and box were the property of local No. 856, a voluntary labor association of which he was. a member and therefore one of the joint owners of the property; and he insists that he cannot be guilty of stealing his own property.
 

 Of the eight defendants charged with the robbery, only the three appellants claim membership in local No. 856, the so-called Goodyear local. However, the appellant Blackburn had been discharged from the employ of the Goodyear company upon a complaint by a fellow employee and had been suspended from membership in local No. 856.
 

 . The five remaining defendants were members of local No. 5, the so-called Goodrich local, and were employees of that company.
 

 
 *138
 
 The grand jury returned this indictment under Section 12432, General Code, which provides that “Whoever, by force or violence, or by putting in fear, steals and takes from the person of another anything of value is guilty of robbery * * *” and Section 12380, General Code, which provides that “Whoever aids, abets, or procures another to commit an offense may be prosecuted and punished as if he were the principal offender.” However, in determining the effect of membership in the local from which the property was taken, it is important to observe the provision of Section 12447, General Code, which now reads as follows:
 

 “Whoever steals anything of value is guilty of larceny *
 
 *
 
 V’
 

 It is true that this larceny statute originally contained the old common law phrase “property of another” but these words were removed by the General Assembly in the year 1877. Thus there is nothing in either the robbery or larceny statute limiting the offense to the property of another. Nor is there evidence in the record to indicate whether the right to the property of local No. 856 was, by its charter, constitution or bylaws, fixed in its members, its officers or trustees. Furthermore, the appellants make no contention that they were entitled to either possession or control of any part of the property at that time. The ballot box and lock had been purchased by the duly authorized committee of the local for the express purpose of holding the election that was in progress at the time of the robbery; and it was from the possession and control of this committee that the box, lock and ballots were taken by the defendants. That exclusive ownership by another is not a necessary element in the offense of larceny or embezzlement in this state was settled by this court in the year 1888 in the case of
 
 State
 
 v.
 
 Kusnick,
 
 45 Ohio St., 535, 15 N. E., 481,
 
 *139
 
 4 Am. St. Rep., 564, the syllabus of which reads as follows :
 

 “An agent and cashier of an unincorporated banking association, whose capital is divided into shares evidenced by certificates thereof, having, by virtue of his employment by a board of directors pursuant to articles of association, the exclusive custody of its assets, who fraudulently converts its property to his own use, is guilty of embezzlement; although he is one of its shareholders.”
 

 There, as in the instant case, it was contended that the property taken must be the property of another. The defendant Kusnick insisted that he was a partner in the bank and that a partner cannot be guilty of converting funds of a fir-m of which he is a member. In his opinion Chief Justice Owen made the following pertinent observation:
 

 “It is true that at the common law, to constitute larceny, the thing alleged to have been stolen must be the ‘property of another’ person than the offender. It is also true that the statutes of nearly all the states which undertake to define embezzlement, require that the subject of the offense shall be shown to be the ‘property of another’; and this has almost-universally been construed to mean that it must be wholly the property of another. It has resulted that, as a rule, a member of an ordinary partnership could not be convicted of embezzlement of partnership property; The same rule has been applied in this respect as in the case of larceny. An act passed March 15, 1867 (66 Ohio Laws, 29), seems to have been framed upon this theory. It provided that if any clerk, agent, or servant of any private person, or of any corporation or co-partnership, shall embezzle or convert to his own use, any money, goods, rights in action, or valuable security or effects belonging to
 
 any other person or
 
 
 *140
 
 persons, etc., which, shall come to his possession or care lay virtue , of such employment, etc., shall be punished as for larceny, etc. This peculiar element of this offense, seems, however, to have been eliminated from our law by the enactment under which the present indictment was framed. It simply provides that an agent, etc., who embezzles or converts to his own use ‘anything of value which shall come into his possession by virtue of his employment’, shall be punished as for larceny of the thing embezzled. The words, ‘property of another,’ are omitted. The element of exclusive ownership by another person is wholly eliminated, and the test of the crime is that the property converted shall come to the hands of the offender by virtue of his employment as agent. If we are to have regard to the plain provision of this statute, the fact that an agent who converts the assets of a corporation to his own use may be interested in them, is not by that fact to be permitted to say that he is the owner of them and cannot be held to answer for converting the ‘property of another.’ The general ownership was undoubtedly in the association. It was clearly established in the trial below, that by the articles of association to which the defendant became a party, and under which he was chosen its agent and cashier, he had no right, by reason of his relation as a shareholder, to the possession of a dollar of its assets. If it had been within the intent of the members of the General Assembly to declare that the very act with which the defendant was charged should constitute the crime of embezzlement, they could not easily have chosen more appropriate language. ■ If this language be accepted at its palpable import, it may, without violence, or any strained construction be held as intended to prevent a mere shareholder in a private business association, who is made its sole manager and the sole cus
 
 *141
 
 todian of its property, converting to Ms own use its entire capital and assets, by declaring such conversion to be a crime.”
 

 The appellants seek to discount the effect of this decision by pointing out that Kusnick was the cashier of the bank as well as a shareholder. However, as above quoted, it was observed in the opinion that the defendant “had no right, by reason .of his relation as a shareholder, to the possession of a dollar of its askets.”
 

 The next contention urged by the three appellants is that the trial court was guilty of abuse of discretion in denying them separate trials.
 

 The controlling statute is Section 13442-11, General Code, which reads as follows:
 

 “When two or more persons are jointly indicted for a felony, except a capital offense, they shall be tried jointly unless the court for good cause shown on application therefor by the prosecuting attorney or one or more of said defendants, order that one or more of said .defendants be tried separately.”
 

 It is important to observe that at the beginning of the trial none of the defendants made an application for a separate trial or objected to proceeding by a joint trial. The record discloses no mention of separate trials until the joint trial had been in progress two days and eight witnesses had testified. The appellants assert that they requested separate trials as soon as the state called as a witness the reporter who took the testimony of the appellant Schanck before the grand jury. But after this request was made the state withdrew this witness. Furthermore, the record shows that in his opening statement the prosecuting attorney warned the defendants by saying “the evidence will show that the defendant Schanck testified before the grand jury in substantially the manner
 
 *142
 
 that I have related.” Under these circumstances the trial court clearly was not. guilty of an abuse of discretion in denying the belated request for separate trials. It is quite possible that at the beginning of the trial the defendants and their counsel were of the opinion that a joint trial might be of distinct advantage to at least some of the defendants.
 

 Another assignment of error relates to the admission and exclusion of proffered evidence. The appellants complain because the trial court admitted testimony to the effect that when the defendants Schufle, Woodward and Weeks were arrested approximately a month and. a half after the robbery, a pair of brass knuckles fell out of the automobile in which they were riding. It is true that not all of the defendants were present at that time, but the trial court properly limited the purpose and effect of this evidence by instructing the jury as follows:
 

 “Certain brass knuckles, state’s exhibit 4, were admitted in evidence. You should consider the evidence with respect to such knuckles against the party alone who had actual possession of same, as appears from the evidence.”
 

 Robbery is a crime of violence, and if one of the defendants was equipped with a weapon of this sort, the jury was entitled to know it.
 

 The appellants complain further that the trial court neglected to charge the jury in several respects. However, as a precaution against omissions the court at the conclusion of his charge' of some length said to counsel for the defendants:
 

 “Mr. Denlinger, is there anything further that you think the court should charge upon?”
 

 The conclusive answer was “No, your Honor.”
 

 The appellants complain of ether errors but they are without foundation.
 

 
 *143
 
 A careful study of the record discloses substantial evidence tending to show that the eight defendants-were parties to a factional conspiracy to prevent an election from being held by local No. 856; that at about 4:30 a. m. seven of them went to the vicinity of the local hall to reconnoiter and complete their plans; that as soon as this was accomplished five of them entered the voting room and demanded the ballot box; that the demand was refused; that several of the defendants then threatened the three members of the committee in charge; that a scuffle ensued; that the defendant Jones struck, a committee member in the face and kicked or threw the ballot box to another defendant; that all of the defendants then escaped from the scene in two automobiles; and that the ballot box was taken to an adjoining county where the box was broken open with a fence post, the ballots were burned, and the box was thrown into a swamp. Four of the eight defendants pleaded guilty and the remaining four were found guilty by a jury who were the judges of the facts. Under the circumstances this court cannot hold that substantial justice has not been done.
 

 The judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Zimmerman, Williams and Turner, JJ., concur.